IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2008

Charles R. Fulbruge III
Clerk

No. 06-20495
Summary Calendar

RICHARD DELAIN KYLES

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1456

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard Delain Kyles, Texas prisoner # 257935, was sentenced to life in prison following a 1976 conviction for capital murder. In 2006, Kyles filed a 28 U.S.C. § 2254 application challenging the application to him of certain amendments to Texas parole procedures. Under the former procedure, the Texas Board of Pardon and Paroles (the Board) acted in panels of three. Beginning in 1997, the law changed to require a two-thirds vote of the entire Board, then

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

comprised of 18 members, in order to grant parole. Wallace v. Quarterman, 516 F.3d 351, 353 (5th Cir. 2008). The Board was reduced to seven members effective January 11, 2004. TEX. GOV'T CODE ANN. § 508.031(a) (Vernon Supp. 2004).

As a threshold matter, the respondent argues that Kyles's application is barred by the one-year statute of limitations period because it should have been brought within one year of the first denial of parole under the new procedure in 1998. We question the respondent's analysis and application of the continuing violation theory, given that Kyles is challenging the result of his 2004 parole hearing, and his federal application as to that hearing was filed within the limitations period. We need not decide this question, however, as we conclude that Kyles's arguments fail on the merits.

We recently held that the change in the Texas parole procedure of which Kyles complains does not facially violate the Ex Post Facto Clause as it affects the discretionary procedure for determining suitability rather than eligibility for parole. See Wallace v. Quarterman, 516 F.3d 351, 354-56 (5th Cir. 2008). However, we must nevertheless determine whether the amendment as applied to Kyles presents a sufficient risk of increased confinement that the Ex Post Facto Clause is implicated. Id. at 356.

Kyles contends that he obtained the votes of the three Board members who served in the Angleton region in which he is incarcerated. However, like the defendant in Wallace, Kyles put on no evidence in the state habeas proceedings that those three persons would have been on a three-person panel appointed by the Board to consider Kyles's parole if the former panel procedure had been applied to him. See Wallace, 516 F.3d at 356. Accordingly, the state court's resolution of Kyles's claim was neither contrary to nor an unreasonable application of clearly established federal law as required for the grant of federal habeas relief. See id. at 353-54. Accordingly, we affirm the judgment of the district court.

Kyles has also filed a motion to compel the respondent to provide him with a copy of the supplemental record.  That motion is denied.

AFFIRMED; MOTION DENIED.