# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20363
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2018

Lyle W. Cayce
Clerk

RICHARD DELAIN KYLES,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2698

Before CLEMENT, COSTA, and WILLETT, Circuit Judges.

GREGG COSTA, Circuit Judge:[*]

Richard Delain Kyles, Texas prisoner # 257935, is serving a life sentence for a murder he committed in 1975. We authorized his appeal of the district court's rejection of his federal habeas petition challenging the 2013 denial of his parole application on ex post facto grounds. He argues that the Parole Board's retroactive application of Texas Government Code section 508.046

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violates the Constitution. That current statute requires a 2/3 vote of all seven board members to parole an inmate convicted of a capital felony. The parole laws in effect at the time of Kyles's offense had a practice like the one federal courts of appeals use to decide cases: a group of three board members was selected to act as a panel in an individual prisoner's case; the prisoner then needed to convince a majority of the three.

Kyles raised a similar challenge to the Board's 2004 denial of parole. *See Kyles v. Quarterman*, 291 F. App'x 612 (5th Cir. 2008). The reasons we affirmed the dismissal of that habeas petition warrant the same treatment of this one. The amendments enlarging the size of parole panels do not "facially violate the Ex Post Facto Clause [because they] affect the discretionary procedure for determining suitability rather than eligibility for parole." *Id.* at 613 (citing *Wallace v. Quarterman*, 516 F.3d 351, 354-56 (5th Cir. 2008)). Application of the new procedure may nonetheless present an as-applied ex post facto problem if the prisoner can demonstrate that the change created a significant risk of increased confinement in his case. *Wallace*, 516 F.3d at 356; *see also Garner v. Jones*, 529 U.S. 244, 255 (2000). Kyles tries to make that showing by pointing to the two members of the Parole Board who favored his parole. If those two had been on a three-member panel selected under the old procedure, then he would have had enough votes for parole. The problem is the "if." Kyles cannot show that a randomly selected three-member panel would have included the two members who voted in his favor. His argument on this point is thus even more speculative than his prior challenge when he could point to three members who had supported parole. *Kyles*, 291 F. App'x at 614 (rejecting ex post facto claim because Kyles could not show the three who voted in his favor in 2004 would have been at least two of those selected to form a three-member panel). There is an additional layer of uncertainty on

No. 15-20363

top of the unknown board composition: the old regime required the Governor to approve any grant of parole the three-member panel recommended. *See* TEX. CONST. art. IV, § 11 (West 1974); TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 13, 15(a) (West 1974 & Supp. 1975). This conjecture about what would have happened under the old system is not enough to establish the likelihood of increased punishment that an ex post facto violation requires. *Wallace*, 516 F.3d at 356; *Kyles*, 291 F. App'x at 614.

To the extent that Kyles also raises a due process claim, this court denied a certificate of appealability on that issue.

AFFIRMED.